## ADELIA DAY v. MARY A. MOONEY.

1. CIVIL ACTION—*Withdrawal of Answer—Demurrer—Waiver of Error.* Where in a civil cause the issues are made up by a petition, answer and reply, and on the cause being called for trial the defendants make application for continuance on account of the

absence of witnesses, and the court overruling such application, they, by leave of court, withdraw their answer and demur to the petition, and upon the overruling of the demurrer, elect to stand upon their demurrer and refuse to plead further, and judgment is rendered on the petition; such action is a waiver of any error that may have been committed in ruling upon the application for continuance.

2. RESCISSION—*Petition in Equity—Sufficiency Of.* In a petition in equity to procure the rescission of a contract for exchange of real estate on account of false and fraudulent representations, if the petition contains the other material allegations it is sufficient to offer to return all that was received by the exchange.

*Error from the District Court of Logan County.*

*C. R. Buckner & Sons,* for plaintiff in error.

*George Gardner,* for defendant in error.

The opinion of the court was delivered by

BURFORD, J.: This was an action for rescission of a contract for sale of real estate. The material allegations of the complaint are, in substance, that on the 8th day of Agust, 1893, the plaintiff, Mary A. Mooney, was the owner of lots 1, 2, 3, 4 and 5, in block 51, in West Guthrie, in Logan county, Oklahoma Territory; that on said day the defendants, George W. Day and Adelia Day, intending to cheat, wrong and defraud her, falsely represented and stated that they were the owners in fee simple of a quarter section of land in the state of Kansas, subject to a mortgage of six hundred dollars, the accrued interest and the taxes on said land, that said tract embraced eighty acres of good bottom land; that said tract was improved by a house 16x24, in good condition, a stone barn and a good well of water; that there was also on said land an orchard consisting of four acres of apple and peach trees; that it had forty acres fenced with

two wires for a pasture, and that there was a hedge fence on two sides of the tract.

It is then alleged specifically that each of said representations were false; that said defendants were not the owners of said land, and that there were no improvements thereon.

That the plaintiff had no opportunity to inspect the land and relied upon said representations.

That relying upon and believing said representations, the plaintiff agreed to barter and exchange her lots in West Guthrie for said Kansas land, and pursuant to said agreement did, by deed, convey to the defendant, Adelia Day, said lots, which deed was afterwards recorded in the register of deeds' office in Logan county, and plaintiff received from defendant a deed for the Kansas land, which had never been filed for record.

A decree was prayed, setting aside and vacating the deed to the West Guthrie lots, and that plaintiff be decreed the owner thereof, and an offer was made to surrender the deed to the Kansas land.

The defendants answered, a reply was filed and cause set for trial. On the day of trial, the defendants made application for a continuance on account of absent testimony, which application was overruled, whereupon, defendants, by leave of court, withdrew their answer and demurred to the complaint. On presentation of the demurrer, the court overruled the same. The defendants excepted to this ruling, refused to plead further, and judgment was rendered on the demurrer and complaint.

The decree cancels and vacates the deed from Mooney to Day of the West Guthrie lots, confirms the title in Mary Mooney and orders the deed from Day to Mooney of the Kansas land deposited with the clerk of the court for the use of the Days.

From this judgment and decree the appeal is taken.

There is no merit in the appeal.    The appellants com-
plain of the action of the court in overruling the
application for a continuance.    By their abandonment
of the issues made by their answer, and relying upon
their demurrer, they waived such error if any was
committed.

We have examined the application for continuance
and find that the same does not conform to the ordi-
nary statutory requirements, and there was no error
in overruling it.    The next alleged error is, that the
court erred in overruling the demurrer to the petition.
The petition contains all the necessary allegations to
entitle the plaintiff to a recission of contract.    It
alleges the fraud specifically, and offers to return the
unrecorded deed, and prays for a cancellation of the
deed made by her to the defendants.

Under the allegations of the petition, all she had
received was the deed for the Kansas land; this she
offered to restore.    This was all that is required by §
894, Statutes of 1890.    This was not a tender after
suit brought, as in the Kansas cases cited by appel-
lant, but was an offer to do equity, which the rules of
pleading require.

Counsel cites us § 6341, of Oklahoma Statutes, 1890,
which relates to breach of warranty.    The complaint
in this case is not based upon a breach of warranty,
but is an action to rescind for fraud, and a different
rule applies.    Fraud vitiates all contracts, and a court
of equity has power to relieve from fraudulent con-
tracts, although the party might be able to recover
damages.

Section 6658, Statutes of Oklahoma, is also called to
our attention, which is to the effect that the redelivery
of a grant of real property to the grantor, does not op-
erate to transfer the title.    This is correct as a general
principle, but in this case the court had the whole
question before it, and had the power to direct such

things to be done as equity would require. If the defendants desired the decree to direct a reconveyance of the Kansas land, they should have requested it. We find no error in the record which has prejudiced the appellants.

The judgment is affirmed at the costs of appellant.

Dale, C. J., not sitting; all the other Justices concurring.